UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD MITCHELL, No. 62170-004,

    Petitioner,

v.

BUREAU OF PRISONS, ANITA CANO, DISMAS CHARITIES, LASHONDA ADAMS, ANGELA DARIZO, DARIUS MEDLEY, PAULINE FERGUSON, and JUSTIN COLLINS,

    Respondent.

Case No. 25-cv-521-JPG

## MEMORANDUM AND ORDER FOR SERVICE OF PROCESS

This matter comes before the Court on petitioner Donald Mitchell's amended petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 10). The petitioner is currently incarcerated at the Federal Correctional Institute at Cumberland, Maryland ("FCI-Cumberland"). *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited July 8, 2025). At the time he filed his original § 2241 petition in this Court, he was incarcerated at the Federal Correctional Institute at Marion, Illinois, within the Southern District of Illinois, so the Court had, and continues to have, jurisdiction to hear this petition. The petitioner's transfer to a facility outside this district does not divest this Court of subject matter jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *al-Marri v. Rumsfeld,* 360 F.3d 707, 712 (7th Cir. 2004) (citing *Ex Parte Endo,* 323 U.S. 283 (1944)). It does, however, call for a change of the respondent to the warden of FCI-Cumberland. The Court trusts that the respondents will move to substitute the appropriate custodian.

The petitioner is challenging the loss of good conduct credit based on discipline he received after an incident while he was housed at the Dismas Orlando residential reentry center (also known as a "half-way house") in November 2024. This matter is now before the Court for preliminary

review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In November 2024, the petitioner lost 14 days of good conduct credit based on Incident Report ("IR") 938 written at the Dismas Orlando half-way house. The IR charged him with abuse of a cell phone for something other than illegal activities (Prohibited Act 397). 28 C.F.R. § 541.3(b) Table 1; *see* BOP Program Statement 5270.09 (Aug. 1, 2011). He asserts the disciplinary hearing violated his due process rights because he was not allowed to call witnesses and was denied an effective staff representative. He further asserts that the disciplinary hearing office ("DHO") agreed at the hearing that he was innocent, yet the written hearing report, authored by a different DHO, found him guilty and sanctioned him with a loss of 14 days of good conduct credit. He further complains that a loss of 14 days was not permitted for Prohibited Act 397. He also believes a Dismas Orlando counselor took money from an app on his phone while the phone was in her possession and then wrote him a false IR to cover up the theft. He believes that the BOP violated his due process rights in depriving him of good conduct credit under these circumstances. He asks the Court to overturn his disciplinary conviction, restore his lost good conduct credit, and return him to the Dismas Orlando half-way house.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for restoration of wrongfully revoked good conduct credit. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Prisoners are entitled to due process before being deprived in prison disciplinary proceedings of their liberty interests in earned good conduct credit. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). A prisoner is entitled to be given:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992), *accord Scruggs*, 485 F.3d at 939; *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539 (1974). Due process also requires that the disciplinary decision be supported by "some evidence." *Hill*, 472 U.S. at 454; *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary.").

Even if Mitchell's due process rights were violated, the Court has no authority to order the BOP to return the petitioner to the Dismas Orlando half-way house. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" of placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison or in a community correctional facility like a half-way house, 18 U.S.C. § 3624(c)(1), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it

may recommend a different placement).  The defendant may seek relief from the BOP by filing an administrative remedy, but the Court cannot help him.

However, as noted above, the petitioner's claims for restoration of good conduct credit are properly raised in this § 2241 petition.  *Jones*, 637 F.3d 841 (due process claim); *Waletzki*, 13 F.3d 1079 (denial of good conduct credit).  Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief in this regard.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response to the petitioner's complaints about his disciplinary loss of good conduct credit.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **August 8, 2025**.  This preliminary order to respond does not preclude the respondents from raising any objection or defense the respondents may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 14 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  July 10, 2025**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**